Syllabus.

## STATE *vs.* OLAN STOCKLEY.

**1. HOMICIDE—"ASSAULT WITH INTENT TO COMMIT MURDER"—ESSEN-TIALS.**

The essentials of an "assault with intent to commit murder" are an assault which is an attempt with force to do injury to the person of another, and also which must be committed with intent to murder, so that, if the injured party had died, his assailant would have been guilty of murder.

**2. CRIMINAL LAW—EVIDENCE—SUFFICIENCY.**

In order to convict one of assault with intent to commit murder, the jury must be convinced of his guilt beyond a reasonable doubt.

**3. HOMICIDE—EVIDENCE—INTENT.**

The intent to commit murder, in prosecution for assault with intent to commit murder, may be proven either by direct or circumstantial evidence.

**4. HOMICIDE—EVIDENCE—PRESUMPTIONS.**

Every man is presumed to intend the natural and probable consequences of his own voluntary and willful act, and so an assault upon another with a deadly weapon raises a presumption of an intent to commit murder.

**5. HOMICIDE—"MURDER"—ESSENTIALS.**

"Murder" is the unlawful killing of a human being with malice afore-thought, either express or implied.

**6. HOMICIDE—EVIDENCE—"MALICE".**

In a prosecution for murder, "malice" may be implied from any unlaw-ful act denoting a wicked heart bent on mischief, and so the deliberate selec-tion and use of a deadly weapon upon another is evidence of malice.

**7. HOMICIDE—"MANSLAUGHTER".**

"Manslaughter" consists of the unlawful killing of a human being with-out malice, and so, in a prosecution for assault with intent to commit murder, the accused cannot be convicted if, had his victim died, his crime would have only been manslaughter.

**8. HOMICIDE—RIGHT OF SELF-DEFENSE.**

Every person is entitled to protect himself from assault and injury by opposing force with force, and he is not obliged to wait until he is struck by an impending blow; but, if the opposing force be unreasonably dispropor-tionate to the requirements of the case, the party defending himself is guilty of an offense.

**9. HOMICIDE—SELF-DEFENSE—DUTY TO RETREAT.**

One assaulted upon a sudden affray is warranted in repelling the assault by the use of a deadly weapon, where he is justified in believing that he is in imminent danger of being killed or receiving great bodily harm; but, before using the deadly weapon, he must be closely pressed, and must have retreated as far as he conveniently and safely could.

**10. HOMICIDE—SELF-DEFENSE—REASONABLE FEAR.**

In determining what constitutes reasonable fear, which will warrant one in repelling an impending assault by the use of a deadly weapon, all the cir-cumstances surrounding the assault should be considered.

11. HOMICIDE—SELF-DEFENSE—BELIEF OF ACCUSED.

The unreasonable belief of accused that he is in danger of great bodily harm from an impending assault will not warrant him in repelling assault by the use of a deadly weapon.

12. CRIMINAL LAW—EVIDENCE—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the jury should reconcile it, if possible, and, if not, accept that part which they deem most worthy of credit.

13. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS.

Until proven guilty, every man is presumed innocent of crime.

14. CRIMINAL LAW—EVIDENCE—BURDEN OF PROOF.

Where an accused pleads any independent matter as a defense, he has the burden of showing it, although if, when all of the evidence is in, the state has not shown the accused's guilt beyond a substantial reasonable doubt, he should be acquitted.

(*February* 10, 1911.)

Judges BOYCE and CONRAD sitting.

*Frank M. Jones*, Deputy Attorney General, for the state.

*Robert C. White* and *James M. Tunnell*, for the defendant.

Court of General Sessions, Sussex County, February Term, 1911.

INDICTMENT FOR ASSAULT WITH INTENT TO COMMIT MURDER.

Olan Stockley was charged in the indictment with having committed on the twenty-fourth day of September, 1910, in Sussex County, an assault upon John T. Williams, with intent, him to murder, by striking Williams in the forehead, crushing the skull, leaving a large, deep sunken place in the forehead. There was much conflict of testimony as to the identity of the person who committed the assault. The accused was acquitted.

CONRAD, J., charging the jury:

Gentlemen of the jury:—[1, 2] Olan Stockley, the prisoner at the bar, is charged in this indictment with having committed on the twenty-fourth day of September, 1910, in this county and state, an assault upon one John T. Williams, the prosecuting witness, with intent him the said John T. Williams to murder. This charge embraces not only an assault, which has been defined to be an attempt with force and violence to do injury to the person of another, but embraces also an intent to commit murder.

In order to convict the prisoner at the bar in manner and form as he stands indicted, it is necessary for the state to satisfy you, beyond a reasonable doubt, that the assault was committed by Olan Stockley, the prisoner, that it was committed with the intent to murder John T. Williams the prosecuting witness, and that if the said John T. Williams had died from the effects of the injury received, then Olan Stockley, would have been guilty of murder.

[3, 4]   The intent to commit murder is an essential ingredient of this charge, and it must be proved to your satisfaction just as any other material fact in the case is proved.   The intent to commit murder may be shown by direct evidence of the intent; that is, by the express confession or declaration of the accused that he committed the alleged assault with the intent to murder; but the intent to commit murder may also be proved by the acts and conduct of the accused and other circumstances, from which the jury may naturally and reasonably infer the intent charged. For instance, it is a principle of law that every man must be presumed to intend the natural and probable consequences of his own voluntary and willful act, so that from the use of a deadly weapon against another the jury may infer the intent to commit murder, unless the circumstances of the case satisfy you to the contrary; such intent, as we have said, being provable by and inferable from the voluntary, unlawful use, in a manner, or under circumstances perilous to human life, or directly tending to great bodily harm, of a loaded gun, of an axe or other weapon which the law considers a deadly weapon, or of any other instrument or missile reasonably likely to take human life when so used.   *State v. Di Guglielmo*, 4 *Penn.* 336, 55 *Atl.* 350.

Before you can find the prisoner at the bar guilty of assault with intent to commit murder, you must also find that had John T. Williams died from the effects of the injuries received, the prisoner would have been guilty of the crime of murder.

[5]   The crime of murder is the unlawful killing of a human creature in being with malice aforethought, either express or implied.

[6, 7]   If the killing is proved, it must also be proved that it was done with malice either express or implied, before the per-

son charged can be convicted of murder. But such malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. The deliberate selection and use of a deadly weapon has been held to be evidence of malice; and where malice exists, together with the killing, the crime of murder is complete. If you believe that the crime of which the prisoner would have been guilty if the prosecuting witness had died from the injuries received would be manslaughter, you could not find him guilty of the intent to commit murder, for in manslaughter there is no malice. Whether there is any evidence in this case to satisfy you that there was malice, either express or implied, is one of the questions for you to determine.

[8] The law accords to every one the right to protect his person from assault and injury by opposing force to force, and he is not obliged to wait until he is struck by an impending blow; for if a weapon be raised in order to shoot or strike, or the danger of other personal violence be imminent, the party in such imminent danger may protect himself by striking the first blow, for the purpose of repelling and preventing the attempted injury. But the opposing force or measure of defense must not be unreasonably disproportionate to the requirements of the occasion. Although so much force as is reasonably necessary may be used, yet if the violence used is greater than was necessary, under the circumstances, to repel the assault or avert the peril, the party using it is himself guilty; for the law recognizes the right of self-defense for the purpose of preventing but not of revenging an injury to the person of the accused.

[9] Where one is assaulted upon a sudden affray and, in the judgment of the jury, honestly believed, on reasonable and sufficient grounds, that he was in imminent danger of being killed or of receiving great bodily harm, he would have, in self-defense, the right to use a deadly weapon against his assailant. But in exercising such right of self-defense, in a manner likely to cause death or great bodily harm to his assailant, he must be closely pressed by him, and must have retreated as far as he conveniently and safely could, in good faith, with the honest intent to avoid

the violence and peril of the assault. If these be so sudden, fierce or urgent as not to allow him to retreat or to have other probable means of escape, then he may rightfully use a deadly weapon in his defense. *State v. Wilson*, 5 *Penn.* 77, 62 *Atl.* 227.

If you find from the evidence that an actual assault was first made by John T. Williams, the prosecuting witness, upon Olan Stockley, the prisoner, it is then proper and material to the issue raised by the plea of self-defense, for you to consider and determine whether the prisoner was, at the time of the assault, in reasonable fear of death or of great bodily harm.

[10]   In determining what constitutes such reasonable fear, you should consider the conduct of the prosecuting witness just before the assault, the violence of the assault, and the character of the weapon, if any, he employed.

A slight assault will not excuse or justify the killing of the assailant with a deadly weapon.

When one is attacked and from the character of the attack he has reasonable cause to believe that he is in imminent danger of death or great bodily harm, it is his duty to retreat if he can safely do so, or to use every reasonable means within his power to avoid harming his assailant.

[11]   It is not sufficient that the accused, at the time of the assault, believes himself to be in danger of death or great bodily harm, but the circumstances must have been such, in the judgment of the jury, as to justify a reaonable man in such belief, and that there was no other reasonable way of escaping from such danger.

[12]   Where testimony respecting the guilt or innocence of the prisoner is conflicting, as it is in this case, you should reconcile it if you can. If you cannot, you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, having regard to the intelligence or ignorance of the witnesses, their opportunity to observe, know, hear and remember that to which they have testified, as well as their bias arising out of interest or prejudice.

[13, 14]   In determining the question of guilt or innocence of the prisoner, the law provides certain rules for your guidance.

Verdict.

First, the law presumes all persons to be innocent of crime, until their guilt is established by competent evidence in proper courts. This presumption of innocence, however, is rebuttable. But when the prisoner pleads any substantive, distinct or independent matter as a defense, as an alibi, insanity, or, as in this action, self-defense, the burden of proving such defense devolves upon him. To establish such defense, the accused must prove the independent exculpatory facts upon which he relies, and in this respect and to this extent, the burden lies with him. Notwithstanding this, if, after all the evidence is in, it is found that upon the whole case the state has not sustained the burden of proof in convincing you of the prisoner's guilt beyond a reasonable doubt, he should be acquitted. But we say to you, that such a doubt should not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, remaining in your minds after a careful consideration of all the evidence; and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

If you are not satisfied from the evidence in this case, beyond a reasonable doubt, that the prisoner at the bar committed the assault upon the prosecuting witness, your verdict should be not guilty. If, however, you believe beyond a reasonable doubt that he did commit the assault, but are not satisfied that there was an intent to commit murder, your verdict should be not guilty in manner and form as he stands indicted, but guilty of assault only. But if you believe that the prisoner not only committed the alleged assault, but at the time of its commission it was his intention to murder John T. Williams, and that had John T. Williams died from the effects of the injuries received the crime would have been murder, your verdict should be guilty in manner and form as he stands indicted.

Verdict, not guilty.